**TARA J. ELLIOTT**
**Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 8329**
**Missoula, Montana 59807**
**105 E. Pine, 2nd Floor**
**Missoula, Montana 59802**
**Phone: (406) 542-8851**
**FAX: (406) 542-1476**
**Email: Tara.Elliott@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br>vs.<br><br>**LAURA JEANNE HAACKE,**<br><br>Defendant. | **CR 21-02-M-DWM**<br><br><br>**OFFER OF PROOF** |

Defendant has signed a plea agreement which contemplates her plea of guilty to Count II of the Indictment, which charges the crime of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The Defendant's plea of guilty will be unconditional.

The United States presented any and all formal plea offers to the Defendant in writing. The plea agreement entered into by the parties and filed with the court represents, in the Government's view, the most favorable offer extended to the Defendant. *See Missouri v. Frye*, 132 S.Ct. 1399 (2012).

**ELEMENTS.** In order to prove the charge contained in the Indictment against the Defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed methamphetamine;

Second, the defendant possessed the methamphetamine with the intent to distribute it to another person, or aided and abetted the same; and

Third, the methamphetamine weighed 500 or more grams.

**In order to prove the Forfeiture Allegation:**

The government would prove by a preponderance of the evidence that the items referenced in the Indictment and plea agreement constitute proceeds and/or facilitating property pursuant to 21 U.S.C. §§ 853(a)(1) and (2).

**PROOF**. If called upon to prove this case at trial, and to provide a factual basis for the Defendant's plea, the United States would present, by way of the testimony of law enforcement officers, lay and expert witnesses, and physical evidence, the following:

A Confidential Informant would testify that Haacke stored methamphetamine for a drug distributor and that, at one point, Haacke stored approximately 40 pounds of methamphetamine in a trap floor at her residence.

A second Confidential Informant would testify that, in July of 2019, s/he personally saw Haacke weigh 40 pounds of methamphetamine on a scale at her residence.

A third Confidential Informant would testify that s/he moved numerous pounds of methamphetamine from Haacke's residence so that Haacke would avoid getting in trouble if her residence were to be searched.

When interviewed by law enforcement, Haacke admitted that she used methamphetamine and that, in February of 2019, approximately 80 pounds of methamphetamine was stored in her Missoula residence.

DATED this 10th day of May, 2021.

    LEIF M. JOHNSON
    Acting United States Attorney

    */s/ Tara J. Elliott*
    Assistant U.S. Attorney
    Attorney for Plaintiff